UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM A. DEPARDO,
    Plaintiff

V.

MFS/SUN LIFE FINANCIAL
DISTRIBUTORS, INC. d/b/a SUN LIFE OF
CANADA and TAC WORLDWIDE
COMPANIES,
    Defendants

CIVIL ACTION 04-10248DPW

## SUN LIFE OF CANADA'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Sun Life of Canada ("Sun Life"), improperly named as MFS/Sun Life Financial Distributor's Inc. d/b/a/ Sun Life of Canada, answers the complaint as follows.

### NATURE OF THIS ACTION

1. This paragraph describes the complaint and/or states legal conclusions, and therefore no response is necessary.

2. Upon information and belief, admitted.

3. Upon information and belief, Sun Life admits that Short Term Disability ("STD") benefits were paid by TAC Worldwide Companies ("TAC"). Otherwise, denied.

4. Sun Life admits that the TAC Worldwide Companies Employee Benefit Plan (the "Plan") was insured by a policy issued by Sun Life to TAC and that Sun Life administers claims for Long Term Disability ("LTD") benefits under the Plan.

5. Sun Life admits that the Plan was insured by a policy issued by Sun Life to TAC and that Sun Life administers claims for Life Insurance benefits under the Plan.

6. This paragraph states a legal conclusion as to which no response is necessary.

7. Sun Life admits that DePardo was a participant in the Plan. Otherwise, denied.

8. This paragraph describes the complaint and/or states legal conclusions, and therefore no response is necessary.

9. This paragraph describes the complaint and/or states legal conclusions, and therefore no response is necessary.

## JURISDICTION AND VENUE

10. This paragraph states a legal conclusion as to which no response is necessary.

11. This paragraph states a legal conclusion as to which no response is necessary.

## PARTIES

12. Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. The remainder of this paragraph states a legal conclusion as to which no response is necessary.

13. Sun Life admits the first sentence of this paragraph. Sun Life further admits that it is licensed to do business in Massachusetts, that the Plan was insured by a policy issued by Sun Life and that Sun Life administers claims for benefits under the Plan. Otherwise, denied.

14. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## FACTS

15. Upon information and belief, Sun Life admits that Depardo's medical history includes coronary artery disease, implantation of a cardiac stent and two coronary artery bypass surgeries. Otherwise, denied.

16. Upon information and belief, admitted.

17. Sun Life admits that by letter dated June 27, 2003, DePardo was informed that he did not qualify for total disability benefits beyond August 11, 2002. Sun Life further states that the letter speaks for itself and therefore denies the remaining allegations of this paragraph.

18. Sun Life admits that DePardo was paid disability benefits for the period December 15, 2001 through August 11, 2002. Otherwise, denied.

19. Sun Life admits that DePardo submitted medical records. Otherwise, denied.

20. Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentence of this paragraph. Otherwise, denied.

21. Sun Life states that the terms of the Plan speak for themselves, and therefore Sun Life denies the allegations regarding the terms of the Plan. Otherwise, denied.

22. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun

Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27. Sun Life states that the terms of the Plan speak for themselves, and therefore Sun Life denies the allegations regarding the terms of the Plan.

28. Sun Life states that the terms of the Plan speak for themselves, and therefore Sun Life denies the allegations regarding the terms of the Plan.

29. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. To the extent that a response is necessary, Sun Life currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30. The allegations of this paragraph concern a defendant other than Sun Life and, therefore, no response is necessary. Further answering, Sun Life states that the terms of the Plan speak for themselves, and therefore Sun Life denies the allegations regarding the terms of the Plan.

31. Sun Life states that the terms of the Plan speak for themselves, and therefore Sun Life denies the allegations regarding the terms of the Plan.

32. Denied.

33. Denied.

## CAUSES OF ACTION

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.,* which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA.

### Second Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Third Defense

This case must be reviewed under the arbitrary and capricious standard of review.

<u>Fourth Defense</u>

The Plaintiff has no right to a jury trial.

<u>Fifth Defense</u>

To the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

<u>Sixth Defense</u>

To the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, *inter alia,* the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

<u>Seventh Defense</u>

The determinations by Sun Life regarding Plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan or applicable law.

<u>Eighth Defense</u>

All determinations made by Sun Life with respect to Plaintiff's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents.

WHEREFORE, Sun Life respectfully requests that the Court dismiss the complaint, with prejudice, and award Sun Life its attorneys' fees and costs.

        SUN LIFE OF CANADA

        By its attorneys,

        /s/ Jay P. Symonds
        Stephen S. Churchill BBO# 564158
        Jay P. Symonds BBO#637972
        CONN KAVANAUGH ROSENTHAL
          PEISCH & FORD, LLP
        Ten Post Office Square
        Boston, MA 02109
        (617) 482-8200

Dated: May 4, 2004

## CERTIFICATE OF SERVICE

I, Jay P. Symonds, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Nicholas S. Guerrera, Esq., Shaheen Guerrera & O'Leary, LLC, Jefferson Office Park, 820A Turnpike Street, North Andover, MA 01845.

        /s/ Jay P. Symonds
        Jay P. Symonds

Dated: May 4, 2004

200285.1