UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM A. DePARDO,<br>　　　　Plaintiff<br><br>　　v.<br><br>MFS/SUN LIFE FINANCIAL<br>DISTRIBUTORS, INC. d/b/a<br>SUN LIFE OF CANADA and<br>TAC WORLDWIDE COMPANIES,<br>　　　　Defendants | CIVIL ACTION NO.: 04-10248DPW |

## AMENDED COMPLAINT

### NATURE OF THIS ACTION

1. The plaintiff, William A. DePardo, brings this action against the defendant, MFS/Sun Life Financial Distributors, Inc. d/b/a Sun Life of Canada (ASun Life@) and TAC Worldwide Companies (ATAC@) for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. '' 1001 *et seq*. ("ERISA") and more particularly ' 502(a)(1)(B) 1988 [29 U.S.C. ' 1132(a)(1)(B)].

2. At all times relevant hereto, Mr. DePardo was employed by TAC as Vice President/Corporate Project Management within TAC=s Systems Management and Development business unit and was a participant in an employee welfare benefit plan (the APlan@) which included Short Term Disability (ASTD@) benefit, Long Term Disability (ALTD@) benefits, and Group Life Insurance benefits.

3.  The STD benefits were underwritten by TAC and administered by Sun Life.

4.  The LTD benefits were underwritten and administered by Sun Life.

5.  The Group Life Insurance benefits were underwritten and administered by Sun Life.

6.  All aspects of the Plan are governed by ERISA, as are the rights and obligations of the parties to the present action.

7.  Mr. DePardo is a participant in and beneficiary under the Plan.

8.  This Complaint challenges the defendants= unlawful practices of: (1) failing to provide a full and fair review of Mr. DePardo's condition as required by 29 U.S.C. ' 1133(2); and (2) denying Mr. DePardo STD, LTD and Life Insurance benefits provided by the Plan.

9.  Specifically, Mr. DePardo has exhausted all Plan administrative review procedures and is filing this action to recover STD, LTD and life insurance benefits due him under the Plan, to enforce his rights under the Plan, and to recover costs and attorney's fees as provided by ERISA.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case under 29 U.S.C. ' 1132(f), without regard to jurisdictional amount or diversity of citizenship.

11. Venue is appropriate in this District pursuant to 29 U.S.C. ' 1132 (e)(2) because the Plan is administered in this District and at least one defendant resides within this judicial District.

## PARTIES

12. The plaintiff, Mr. William DePardo, is a 65 year-old man residing presently at 62 Butler Street in Salem, New Hampshire. As a participant in and beneficiary under the Plan, Mr. DePardo has standing to bring this action under 29 U.S.C. ' 1132(a).

13. The defendant, Sun Life, is a for-profit corporation, with its principal place of business at 1 Sun Life Executive Park, Wellesley Hills, Massachusetts 02181.  Sun Life is licensed to do business in Massachusetts and administers and underwrites the Plan under which Mr. DePardo is claiming eligibility for benefits.

14. The defendant, TAC, has a usual place of business located at 615 Amherst Street, Suite 200, Nashua, Hillsborough County, New Hampshire 03060 and a principal place of business located at 888 Washington Street, Dedham, Massachusetts 02027-9100.  TAC underwrites the STD aspect of the Plan.  TAC employed the plaintiff continuously from August 12, 1985 to December 14, 2001.

## FACTS

15. Mr. DePardo=s medical history includes multiple problems, the most disabling of which has been coronary artery disease.  He has had multiple open heart surgeries, involving coronary artery by-passes and implantations of stents.

16. Mr. DePardo had quadruple by-pass surgery done at the Massachusetts General Hospital on April 30, 2002.  He has been followed post-operatively by his cardiologist, Timothy Guiney, M.D.

17. Sun Life wrongfully and unreasonably determined that Mr. DePardo was no longer disabled from his usual occupation as of July 15, 2002.

18. Sun Life conceded that Mr. DePardo was disabled from the time he stopped working for TAC in mid-December 2001 up to the date of his surgery at the end of April 2002 and then for a period of about ten weeks of convalescence thereafter. Sun Life granted Total Disability benefits, but in an amount less than Mr. DePardo was entitled to receive due to a miscalculation of Mr. DePardo=s Basic Annual Earnings and an erroneous and unreasonable exclusion from Basic Annual Earnings by Sun Life of monthly commissions he received.

19. Mr. DePardo has presented ample medical evidence on numerous occasions to the defendants that he is totally and permanently disabled within the meaning of the Plan, not only from the material and substantial duties of his former executive position with TAC Worldwide Companies, but also from any type of gainful employment. The defendants have unreasonably disregarded the medical evidence.

20. Mr. DePardo=s prognosis is very poor even with the best medical care. He faces a very significant risk of sudden death due to his multiple serious health problems. He certainly cannot perform his job as a Vice-President with TAC.

21. Pursuant to the terms of the Plan, Mr. DePardo is entitled to receive LTD benefits of $11,366.01 for two weeks of July 2002, another $11,282.01 for August 2002 and $9,798.01 per month every month for not less than a total of 36 months, for a total of $355,780.36. Sun Life has wrongfully and unreasonably denied Mr. DePardo the aforesaid amount.

22. TAC self-insures with regard to STD benefits.

23. TAC paid Mr. DePardo 13 weeks of STD benefits at a rate of $1,088.66, which is 66.66% of $1,634.32 per week.

24. TAC should have paid Mr. DePardo $3,089.24 per week for 13 weeks which is 66.66% of $4,634.32.

25. TAC paid the incorrect lower amount because it failed to include and calculate Mr. DePardo=s $12,000.00 per month commissions as part of his Basic Annual Earnings.

26. Mr. DePardo is due payment of $26,007.54 in STD benefits, which is the difference between the amount of STD benefits TAC paid and the amount it should have paid.

27. Mr. DePardo=s life insurance policy through his employment with TAC carried a death benefit of $171,000.00.

28. TAC, as the policyholder, had the option of continuing Mr. DePardo=s coverage, for absence due to illness, by payment of the policy premium for 12 months following termination of active employment.

29. Mr. DePardo never was notified that TAC discontinued paying the premium on his life insurance policy, although it appears that TAC did so.

30. An insured employee such as Mr. DePardo has the right to convert the life insurance policy upon notice of termination of premium payments by TAC. Mr. DePardo was denied this right by TAC=s failure to notify him.

31. If the employee is disabled, as Mr. DePardo is, he may take the cash value of the policy at 75% of the death benefit, which in Mr. DePardo=s case is $128,250.00.

32. Mr. DePardo is entitled to receive $128, 250.00 as the cash value of the life policy. TAC and Sun Life have withheld the cash value wrongfully and unreasonably.

33. Due to the defendants= unlawful denial of benefits under ERISA, Mr. DePardo has been denied STD, LTD, and Life Insurance benefits under his Plan in the total amount of $510,379.90.

## CAUSES OF ACTION

34. The defendants= actions in denying Mr. DePardo benefits provided by the Plan constitute an unlawful denial of benefits under 29 U.S.C. ' 1132(a)(1)(B) of ERISA.

35. The Plan documents do not grant the administrator or fiduciary discretion to determine eligibility for benefits, nor to construe the terms of the Plan; therefore all factual issues and issues of Plan interpretation presented herein are subject to *de novo* review by this Court.

36. Under the standards applicable to ERISA actions, the plaintiff is entitled to recover a reasonable attorney's fee and costs of the action pursuant to section 502(g)(1) of ERISA, 29 U.S.C. ' 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that the defendant is obligated to pay the plaintiff the STD, LTD and Life Insurance benefits due to him under the Plan.

(2) Award the plaintiff prejudgement interest, the costs of this action and reasonable attorney's fees; and

(3) Award such other relief as may be just and reasonable.

    Respectfully submitted:

The Plaintiff, William A. DePardo,

By his Attorneys,

_____

Nicholas S. Guerrera, BBO# 551475
Shaheen Guerrera & O=Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978)689-0800

## CERTIFICATE OF SERVICE

    I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail pursuant to Fed. R. Civ. P. 5(a).

Dated: July 20, 2004                  /s/ Nicholas S. Guerrera_____
                                                Nicholas S. Guerrera