UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM A. DEPARDO,

                Plaintiff,

v.                                  Civil Action No. 04-10248DPW

MFS/SUN LIFE FINANCIAL
DISTRIBUTORS, INC. d/b/a
SUN LIFE OF CANADA and
TAC WORLDWIDE COMPANIES,

                Defendants.

**ANSWER OF DEFENDANT TAC WORLDWIDE COMPANIES
TO PLAINTIFF'S AMENDED COMPLAINT**

For its Answer to the numbered paragraphs contained in the Plaintiff's Amended

Complaint, Defendant TAC Worldwide Companies (hereinafter "TAC Worldwide" or

"Defendant") hereby responds and states as follows:

**NATURE OF THIS ACTION**

1.     The allegations made in Paragraph 1 of the Amended Complaint purport to

describe the nature of this action and, further, constitute conclusions of law.  No response is

required to those allegations.  To the extent a response may be required, the allegations are

denied.

2.     TAC Worldwide admits that Mr. DePardo was TAC Worldwide's Vice

President/Corporate Project Management from approximately July 20, 1993 until April 5, 2002;

admits that, during this period, Mr. DePardo was a participant in plans providing Long Term

Disability benefits, Short Term Disability benefits, and Group Life Insurance benefits; and,

except as expressly admitted, TAC Worldwide denies the allegations contained in Paragraph 2 of the Amended Complaint.

3.    TAC Worldwide admits the allegations contained in Paragraph 3 of the Amended Complaint.

4.    TAC Worldwide admits the allegations contained in Paragraph 4 of the Amended Complaint.

5.    TAC Worldwide admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.    The allegations contained in Paragraph 6 of the Amended Complaint posit legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

7.    TAC Worldwide admits that Plaintiff was a participant in plans providing Long Term Disability benefits, Short Term Disability benefits and Group Life Insurance benefits; and, except as expressly admitted, TAC Worldwide denies the allegations contained in paragraph 7 of the Amended Complaint.

8.    The allegations made in Paragraph 8 of the Amended Complaint purport to describe the nature of this action and, further, constitute conclusions of law.  No response is required to those allegations.  To the extent a response may be required, the allegations are denied.

9.    The allegations made in Paragraph 9 of the Amended Complaint purport to describe the nature of this action, the relief sought by the Plaintiff in this action and, further, constitute conclusions of law.  No response is required to those allegations.  To the extent a response may be required, the allegations are denied.

## JURISDICTION AND VENUE

10.     The allegations contained in Paragraph 10 of the Amended Complaint posit legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

11.     The allegations contained in Paragraph 11 of the Amended Complaint posit legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

## PARTIES

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12 of the Amended Complaint, and accordingly denies said allegations.  Further answering, TAC Worldwide states that the allegations contained in the second sentence of Paragraph 12 posit legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

13.     TAC Worldwide admits the allegations contained in the first sentence of Paragraph 13.  Further answering, TAC Worldwide admits that Defendant Sun Life of Canada ("Sun Life") is licensed to do business in Massachusetts, and that Sun Life administers and underwrites the Long Term Disability benefits and Group Life Insurance benefits that TAC Worldwide provides to its employees.  Except as expressly admitted, TAC Worldwide denies the allegations contained in paragraph 13 of the Amended Complaint.

14.     TAC Worldwide admits that it has offices located at 615 Amherst Street, Suite 200, Nashua, New Hampshire 03060; admits that it has offices located at 888 Washington Street, Dedham, MA 02026; admits that it provides Short Term Disability benefits to its employees;

3

admits that Mr. DePardo was employed by Defendant from on or about August 12, 1985 until April 5, 2002; and, except as expressly admitted, Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

## FACTS

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and accordingly denies said allegations.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and accordingly denies said allegations.

17.    TAC Worldwide admits that Sun Life informed Mr. DePardo by letter dated June 27, 2003 that he did not qualify for total disability benefits beyond August 11, 2002.  Further answering, TAC Worldwide states that the letter speaks for itself and therefore denies the remaining allegations contained in Paragraph 17.

18.    TAC Worldwide admits that Mr. DePardo was paid disability benefits for the period December 15, 2001 through August 11, 2002; and, except as expressly admitted, TAC Worldwide denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.    TAC Worldwide denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and accordingly denies said allegations.

21.    TAC Worldwide denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.    TAC Worldwide admits the allegations contained in Paragraph 22 of the Amended Complaint.

23.    TAC Worldwide admits the allegations contained in Paragraph 23 of the Amended Complaint.

24.    TAC Worldwide denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.    TAC Worldwide denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.    TAC Worldwide denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.    TAC Worldwide states that the terms of Mr. DePardo's group life insurance policy speak for themselves and that, therefore, no response is required to the allegations contained in Paragraph 27 of the Amended Complaint.  To the extent a response may be required, the allegations are denied.

28.    TAC Worldwide states that the terms of Mr. DePardo's group life insurance policy speak for themselves and that, therefore, no response is required to the allegations contained in Paragraph 28 of the Amended Complaint.  To the extent a response may be required, the allegations are denied.

29.    TAC Worldwide admits that Mr. DePardo's group life insurance benefit ended on April 5, 2002, the date on which his employment with TAC Worldwide terminated; admits that TAC Worldwide discontinued paying Mr. DePardo's premium for his group life insurance

coverage when his employment terminated; and, except as expressly admitted, TAC Worldwide denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.    TAC Worldwide admits that Mr. DePardo may have been eligible to convert his group life insurance coverage to an individual policy subsequent to the termination of his employment with TAC Worldwide; and, except as expressly admitted, TAC Worldwide denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.    TAC Worldwide states that the terms of the group life insurance policy speak for themselves and that, therefore, no response is required to the allegations contained in Paragraph 31 of the Amended Complaint.  To the extent a response may be required, the allegations are denied.

32.    TAC Worldwide denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.    TAC Worldwide denies the allegations contained in Paragraph 33 of the Amended Complaint.

## CAUSES OF ACTION

34.    TAC Worldwide denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.    TAC Worldwide denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.    TAC Worldwide denies the allegations contained in Paragraph 36 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint seeks benefits pursuant to employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and codified at 29 U.S.C. §§ 1001 *et seq*., which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

ERISA requires that the discretionary decisions of plan administrators be reviewed using the arbitrary and capricious standard of review.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has no right to a trial by jury.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust required administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

WHEREFORE, Defendant prays that Plaintiff take nothing by his Amended Complaint, that the Amended Complaint be dismissed with prejudice, that judgment enter in favor of the Defendant, and that the Defendant be awarded its costs, attorneys' fees and such other and further relief as the Court may deem just and proper.

TAC WORLDWIDE COMPANIES

By its attorneys,

/s/ Robert M. Shea
Robert M. Shea, BBO # 556356
Scott J. Connolly, BBO # 651007
MORSE, BARNES-BROWN
& PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

Dated: July 23, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on July 23, 2004

/s/ Robert M. Shea
Robert M. Shea