UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM A. DEPARDO,<br>     Plaintiff,<br><br>     v.<br><br>MFS/SUN LIFE FINANCIAL DISTRIBUTORS, INC. d/b/a SUN LIFE OF CANADA and TAC WORLDWIDE COMPANIES,<br>     Defendants. | CIVIL ACTION NO. 04-10248-DPW |

## DEFENDANTS' JOINT MOTION TO PRECLUDE PLAINTIFF FROM FILING CROSS-MOTION FOR SUMMARY JUDGMENT

The defendants, Sun Life Assurance Company of Canada ("Sun Life"), and TAC Worldwide Companies ("TAC") move this Court to preclude the plaintiff from filing a cross-motion for summary judgment three weeks after the Court ordered deadline.

A scheduling conference took place in this matter on June 7, 2004. All counsel were present. The scheduling order issued by this Court required the parties to file cross-motions for summary judgment by September 30, 2004 with responses due October 21, 2004. On September 15, 2004, due to the retention of a new law firm, Sun Life requested that the Court extend these deadlines by 14 days so that motions for summary judgment would be due October 14, 2004 and responses due on November 4, 2004. All counsel assented to this extension of time. This motion in no way altered the procedure, but merely extended the deadlines. On September 15, 2004 this Court granted the extension of time and specifically ruled that "no further enlargements will be permitted."

On October 14, 2004 both Sun Life and TAC electronically filed their respective motions for summary judgment with supporting memoranda and statements of undisputed fact. Mr. DePardo, however, did not file any motion for summary judgment or request any extension of time.

On October 15, 2004 counsel for Sun Life attempted to reach Mr. DePardo's counsel regarding his failure to file a cross-motion for summary judgment. In a voice mail message, counsel for Sun Life reiterated that pursuant to the scheduling order, cross-motions for summary judgment were due on October 14, 2004 and that both defendants had so filed. Sun Life's counsel requested a return phone call explaining Mr. DePardo's failure to file his motion. Sun Life received no response for 10 days.

On October 25, 2005, Mr. DePardo's counsel finally returned the telephone call and Sun Life's counsel learned that Mr. DePardo intended to file his cross-motion and response to the defendants' motions on November 4, 2004. Sun Life's counsel told Mr. DePardo's counsel that this was in violation of the Scheduling Order and that Sun Life would object to any affirmative motion by the plaintiff.

Mr. DePardo should be precluded from filing any affirmative motion for summary judgment three weeks after the deadline for this submission. The scheduling order even as amended is clear: cross-motions for summary judgment by all parties were due on the same day. Instead, Mr. DePardo has chosen to ignore this Court's scheduling orders, grant himself a three-week extension of time to file his motion and not bother to obtain leave of the Court. In doing so, Mr. DePardo has prejudiced the defendants because he has given himself three weeks more time to write his motion and three weeks to study the defendants' arguments and cases cited

before preparing his motion. The defendants should not be prejudiced for complying with this Court's scheduling order.

Moreover, the Court's scheduling order obligates the defendants as well as the plaintiff to file responses on November 4, 2004. However, the defendants will be unable to file any response as they have yet to receive Mr. DePardo's motion. As such if Mr. DePardo is permitted to file an affirmative summary judgment motion on November 4, 2004, the defendants will be forced to request that the scheduling order be further amended to permit more time to respond. This in turn prejudices this Court by extending the time required to dispose of this case after it ruled that "no further enlargements will be permitted."

The Court issued its schedule and procedure for disposing of this case after conferencing with all counsel. Mr. DePardo had every opportunity to suggest or request an alternative procedure at that time. He did not do so. In addition, Sun Life contacted Mr. DePardo in September regarding its need to extend the summary judgment deadline. At no time during that discussion did Mr. DePardo request or even mention his intent to follow an alternative procedure. Mr. DePardo cannot now usurp the authority of this Court and unilaterally change the procedure and time frame for disposing of this case without the Court's permission.

WHEREFORE, the defendants Sun Life Assurance Company of Canada and TAC Worldwide Companies, respectfully request that this Court preclude the plaintiff from filing an affirmative motion for summary judgment three weeks after the Court ordered deadline.

| TAC WORLDWIDE COMPANIES | SUN LIFE OF CANADA |
|---|---|
| By its attorney, | By its attorneys, |
| ___/s/ Robert Shea  (KHA)___ | ___/s/ Kristina H. Allaire___ |
| Robert Shea, Esq., BBO# 556356 | Joan O. Vorster, Esq., BBO #550375 |
| Scott J. Connolly, BBO#651007 | Kristina H. Allaire, Esq., BBO #646001 |
| Morse, Barnes-Brown & Pendleton, P.C. | Mirick, O'Connell, DeMallie & Lougee, LLP |
| Reservoir Place, 1601 Trapelo Road | 100 Front Street |
| Waltham, Massachusetts 02451 | Worcester, MA 01608-1477 |
| Phone: (781) 622-5930 | Phone: (508) 791-8500 |
| Fax: (781) 622-5933 | Fax:    (508) 791-8502 |

Dated:  October 29, 2004