UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM A. DePARDO,<br>    Plaintiff<br><br>v.<br><br>MFS/SUN LIFE FINANCIAL<br>DISTRIBUTORS, INC. d/b/a<br>SUN LIFE OF CANADA and<br>TAC WORLDWIDE<br>COMPANIES,<br>    Defendants | CIVIL ACTION NO.: 04-0248DPW |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION OF SUN LIFE OF CANADA FOR SUMMARY JUDGMENT**

 A. THE DENIAL OF BENEFITS WAS ARBITRARY AND CAPRICIOUS

 The question presented by the defendant's motion is whether Sun Life lacked a reasonable basis for its determination that Mr. DePardo could perform the tasks required of him in his sedentary occupation. *Brigham v. Sun Life of Canada*, 317 F. 3d 72, 82 (1st Cir. 2003) or, stated differently, whether Sun Life acted in an arbitrary and capricious manner in terminating Mr. DePardo's long-term disability benefits. *Brigham*, 317. F. 3d at 86.

 The Court should find that the reports of Dr. Niceforo and Dr. Guiney satisfy Mr. DePardo's burden of proving his disability claim. The Court should also find that Sun Life's decision was arbitrary and capricious because it was based exclusively upon Dr. Sweeney's report. His report was incomplete and unreliable.

 For no justifiable medical reason, Dr. Sweeney limited his attention to Mr. DePardo's measured exercise capacity of 6 mets. He said that sedentary work requires only 3 mets

1

and, thus, Mr. DePardo could do his sedentary job. Dr. Sweeney said that despite a severely depressed ejection fraction of 24%, Mr. DePardo was "certainly capable, from a cardiac viewpoint, to perform the duties outlined in his job description." (AR-0388, 0390). Dr. Sweeney never accounted for Mr. DePardo's hypertension, diabetes mellitus, hyperlipidemia, obesity and depression as problems that further complicated his disabling cardiac condition. He narrowly focused on the "cardiac viewpoint." He summarily dismissed Mr. DePardo's other health problems as having been present "at the time of his stress test and throughout his entire post-operative course." (AR-0389). He never addressed Dr. Guiney's opinion that "[t]he major finding of the test was a severely depressed ejection fraction of 24%." He dismissed Dr. Guiney's finding only when urged to do so by the Disability Benefit Consultant and even then, he did so without explanation or reasoning.

Sun Life's defense is cynically crafted to meet the minimal arbitrary and capricious standard of review. Case law has left the question of the quality and quantity of medical evidence solely to insurers. Here, Sun Life has pressed a legal advantage to the point where the arbitrary and capricious standard *per se* has determined the scope and content of a so-called "independent" medical review. The resulting opinion is neither independent nor medical in nature. Rather, it is wholly unbelievable.

The plaintiff is not requesting that the Court find Dr. Sweeney's opinion less reliable than the opinions of his treating physicians, Dr. Niceforo and Dr. Guiney. If that were the case, the Court's decision would have to favor the defendant. *See, Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). Rather, the plaintiff is requesting that the Court find Sun Life's reliance upon an unbelievable opinion to be an abuse of discretion.

The resulting decision to deny Mr. DePardo long-term disability benefits was arbitrary and capricious.  Sun Life's motion for summary judgment should be denied.

B.  CALCULATION OF BENEFITS

The Court should find that there are genuine issues of material fact to be tried on the issue whether the $12,000 monthly payment received by Mr. DePardo was a bonus or a commission.  Even if the Court determines that Mr. DePardo is not entitled to long-term disability benefits from August 11, 2002 forward, a genuine issue remains as to whether Sun Life underpaid him in July and August 2002.  Sun Life's calculation of Mr. DePardo's benefit amount was unreasonable and not supported by evidence in the Administrative Record.

C.  BENEFITS UNDER THE LIFE INSURANCE POLICY

The plaintiff offers no opposition to the defendant's motion in regard to life insurance benefits.

D.  CONCLUSION

The Court should deny the defendant's motion with regard to Sun Life's denial of long-term disability benefits and Sun Life's calculation of the benefit amount.

> The Plaintiff, William A. DePardo,
>
> By his Attorneys,
>
> /s/ Nicholas S. Guerrera
> Nicholas S. Guerrera, BBO# 551475
> Shaheen Guerrera & O=Leary, LLC
> Jefferson Office Park
> 820A Turnpike Street
> North Andover, MA 01845
> (978)689-0800

4

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail pursuant to Fed. R. Civ. P. 5(a).

Dated: November 2, 2004            /s/ Nicholas S. Guerrera_____
                                            Nicholas S. Guerrera