UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WILLIAM A. DEPARDO,
     Plaintiff

     V.

MFS/SUN LIFE FINANCIAL
DISTRIBUTORS, INC. d/b/a SUN LIFE OF
CANADA and TAC WORLDWIDE
COMPANIES,
     Defendants

CIVIL ACTION NO. 04-10248-DPW

## DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant, Sun Life Assurance Company of Canada ("Sun Life"), pursuant to Local

Rule 7.1(B)(3), files this Brief in Reply to Plaintiff's Opposition to Sun Life's Motion for

Summary Judgment. Sun Life makes the following points in reply to Plaintiff's Opposition:

    1.     Mr. DePardo's Statement of Facts Fails to Satisfy The Requirements of Local
         Rule 56.1.

Local Rule 56.1 requires that "[o]ppositions to motions for summary judgment shall

include a concise statement of material facts of record as to which it is contended that there

exists a genuine issue to be tried . . ." Here, Mr. DePardo's statement only sets forth facts as to

which there is <u>no</u> genuine issue to be tried. This is not sufficient to oppose a motion for

summary judgment.

Plus, contrary to the requirements of Local Rule 56.1 Mr. DePardo has not through his

statement controverted any of the undisputed facts set forth by Sun Life. As a result, as required

by Local Rule 56.1 Sun Life's statement of undisputed facts are uncontroverted by Mr. DePardo

and shall be deemed admitted.

> 2.     The Amount of Mr. DePardo's Premium Does Not Determine What Income The Policy Considers To Determine The Amount Of The Disability Benefit.

Mr. DePardo seems to think that just because he paid a premium that correlates to a

$200,000 per year income that automatically means that all of his income is considered when

calculating his disability benefit.  Not so.  The Policy sets forth what income is included in the

calculation of disability benefits and it specifically excludes bonuses.  The fact that Mr. DePardo

paid a certain premium does not mean that his income is suddenly a commission as opposed to a

bonus.  Furthermore the premium paid by each employee is an administrative function performed

by TAC Worldwide Companies.  Notwithstanding Mr. DePardo's allegations, it is the terms of

the Policy and not the amount of premium paid that determines what income is included in

calculating the amount of disability benefit.  And in this case the undisputed proof in the record

confirms that the portion of Mr. DePardo's income in contention was a bonus, not a commission

and therefore excluded under the terms of the Policy.

> 3.     Lawsuits Governed By ERISA Subject To An Arbitrary And Capricious Standard Of Review Are Tendered Before The Court And Resolved On Cross Motions.

At the Rule 16 conference the Court determined that this ERISA case, subject to the

arbitrary and capricious standard of review would be resolved on cross-motions for summary

judgment.[1]  In these situations, issues of fact are essentially irrelevant.  "ERISA cases based

solely or even primarily on the administrative record are thus uniquely fit for pre-trial resolution.

In fact, when an arbitrary and capricious standard of review applies and review is based solely on

an agreed administrative record, summary judgment 'is merely a mechanism for tendering the

---

[1]     If there was any question as to the appropriate standard of review prior to the filing of summary judgment motions, Mr. DePardo has not contested and in fact admitted in his opposition that this case is subject to the arbitrary and capricious standard of review.

issues and no special inferences are to be drawn in favor of a plaintiff resisting in summary

judgment.'" Radford Trust v. First Unum Life Insurance Company of American, 2004 WL

1368406, *11 (D. Mass. 2004)(quoting Liston v. Unum Corp. Officer Severance Plan, 330 F.3d

19, 24 (1st Cir. 2003). In this ERISA case, Mr. DePardo's efforts to escape entry of summary

judgment by raising a so-called issue of disputed fact does not save the day. When the Court and

the parties determined that this case would be resolved on cross-motions for summary judgment,

this case was "tendered" on the papers. This means the Court makes no special inferences in

favor of the party resisting summary judgment. Because the issue is to be decided solely upon

the agreed to administrative record, the Court is in the position to decide the case based upon all

of the facts in the administrative record.

Mr. DePardo, however, decided on his own that despite the Court's scheduling order he

would not move for summary judgment. Mr. DePardo's unilateral decision to rewrite the

scheduling order does not change the procedure for disposing of this case or the standard by

which the Court will do so. This case has been "tendered" to the Court on the papers, and in this

circumstance, arguing that there is a disputed issue of material fact is misplaced.

4.      Mr. DePardo's Three Page Opposition To Sun Life's Motion For Summary
        Judgment Does Not Provide Any Evidence By Which The Court Could Find Sun
        Life's Decision Unreasonable.

Apparently Mr. DePardo claims that Sun Life was unreasonable because Dr. Sweeney's

opinion is "wholly unbelievable." Other than this conclusory statement and reciting the opinion

of his treating physician, Mr. DePardo provides no reference to any evidence to support a finding

that Sun Life's decision was unreasonable. Brigham v. Sun Life of Canada, 317 F.3d 72, 82 (1st

Cir. 2003). The question is not whether Mr. DePardo believes the medical opinions provided.

Although Mr. DePardo focuses solely upon Dr. Sweeney's medical review, the record provides

evidence that Sun Life sought out and obtained medical opinions from four physicians. All of

these physicians reasonably determined that Mr. DePardo could return to work in his sedentary

occupation.  In addition, Sun Life attempted to have Mr. DePardo examined by an independent

physician and he refused to be examined.

WHEREFORE, the defendant, Sun Life Assurance Company of Canada, moves that the

Court enter judgment in its favor.

SUN LIFE OF ASSURANCE COMPANY
OF CANADA

By its attorneys,


_/s/  Kristina H. Allaire_
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: November 10, 2004

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing
document, by mailing a copy, first class mail, postage prepaid, to Nicholas S. Guerrera, Esq.,
Shaheen Guerrera & O'Leary, LLC, Jefferson Office Park, 820A Turnpike Street, North
Andover, MA 01845 and Robert Shea, Esq., Morse, Barnes-Brown & Pendleton, P.C., Reservoir
Place, 1601 Trapelo Road, Waltham, Massachusetts 02451.


_/s/  Kristina H. Allaire_
Kristina H. Allaire, Esq.

Dated: November 10, 2004