# Morse,
# Barnes-Brown &
# Pendleton, P.C.

*The Business Law Firm on Route 128*

Reservoir Place • 1601 Trapelo Road • Waltham, MA 02451 • (781) 622-5930 • Fax (781) 622-5933 • email: mbbp@mbbp.com

Writer's email:
rms@mbbp.com

May 19, 2005

**BY ELECTRONIC FILING**

Civil Clerk
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02109

    Re:   DePardo v. MFS/Sun Life, et al.
            Civil Action No. 04-10248-DPW

Dear Sir/Madam:

    In compliance with the Court's request, enclosed for filing in the above-referenced matter, please find copies of the following documents: (i) Decision of James P. McDonough, Hearing Officer, New Hampshire Department of Labor (November 5, 2002); and (ii) Order in <u>William DePardo</u> v. <u>TAC Worldwide Companies</u>, 02-E-479, Rockingham Superior Court, State of New Hampshire (March 24, 2003).

                                   Very truly yours,

                                   /s/ Robert M. Shea

                                   Robert M. Shea

Enclosures

cc:   Nicholas S. Guerrera, Esq.
        Joan O. Vorster, Esq.

**STATE OF NEW HAMPSHIRE**
**DEPARTMENT OF LABOR**
**CONCORD, NEW HAMPSHIRE**

**WILLIAM A. DePARDO**

**V**

**TAC WORLDWIDE COMPANIES**

**DECISION OF THE HEARING OFFICER**

**Appearances:** William A. DePardo, Claimant
Nicholas S. Guerrera, Esq., Representing the Claimant
Salvatore Balsamo, CEO, TAC Worldwide Companies
Bob Moritz, Director of Human Resources, TAC Worldwide Companies
Robert M. Shea, Esq., Representing TAC Worldwide Companies
Jim Hynes, Esq., General Counsel, TAC Worldwide Companies

**Nature of Dispute:** RSA 275:43 I, Failure to Pay Bonus/Commissions Due
RSA 275:43 III, Failure to Pay Vacation Pay Due

**Claimant:** William DePardo, 62 Butler Street, Salem, NH 03079

**Employer:** TAC Worldwide Companies, 888 Washington Street, PO Box 9100, Dedham, MA 82027

**Date of Hearing:** October 7, 2002

**Case No.:** 15337

**BACKGROUND AND STATEMENT OF THE ISSUES**

The claimant argues that he received a "flat rate commission" of $12,000.00 per month in addition to his salary, identified as "bonus" on his checks, that the employer only paid him this commission/bonus through November 15, 2001, that he was employed through December 15, 2001 and that he was claiming, as due, $12,000.00 unpaid commission/bonus. He agrees that Balsamo told him, on or about November 15, 2001, that the October 2001 commission/bonus check was the last time he would approve such payment and that they would discuss his commission plan in the future, which was not done.

The claimant also argues that his three weeks of vacation pay, paid as of the date of his termination, was only paid at the rate of his base salary, not his base salary plus commission/bonus. He seeks, as due, prorated commission/bonus that he should have received in addition to his vacation pay, for a total of three weeks at $3,000.00 per week, total $9,000.00.

DePardo v TAC Worldwide Companies
Page 2

The employer argues that the verbal agreement the claimant had to receive a $12,000.00 per month bonus payment was an agreement between the claimant and the previous president, and that the first time Balsamo heard of the arrangement was when the claimant requested his October 2001 bonus. They argue that the claimant was told on or about November 15, 2001 that the bonus was going to end, and no further bonuses would be approved. They argue that the claimant was paid this bonus through November 15, 2001 and that the claimant is, therefore, not due any further bonus.

They further argue that the claimant was informed through the "time away from work" document that, "upon termination of employment, employees will be paid for unused vacation time at their base salary only", and that the claimant was not due any bonus in addition to his vacation pay.

## FINDINGS OF FACT

The claimant worked for the employer for many years. For approximately 10 years, the claimant received a monthly payment in addition to his base salary. The claimant characterizes this as a "commission" or a "flat rate commission". The submitted pay stubs identify the payment as a "bonus". At no time was this payment scheme memorialized in writing. Instead, the claimant would present a written "request for payroll advance or expense check" on a monthly basis to the president. His requests were routinely approved, with the claimant receiving this monthly payment immediately after.

The claimant received this additional payment through October 1, 2001 from the president of the company, Iandoli. Iandoli ceased being the president soon after, with Balsamo taking over as acting president.

The claimant presented Balsamo with a request for a $12,000.00 payment for October 2001 in early November 2001, and again on November 15, 2001. On November 15, 2001, Balsamo informed the claimant that he had no knowledge of the additional payment scheme, that he would honor the claimant's request for payment through November 1, 2001 but that this would be the last time he would approve such a request, and that the additional payments were stopped as of November 15, 2001. The employer eventually paid the claimant a $6,000.00 payment through November 15, 2001.

At no time did the employer ever inform the claimant of the nature of the bonus/commission payment. The employer did not inform the claimant in writing of the change in the rate of pay on or about November 15, 2001, as required by RSA 275:49 I & II/Lab 803.04 (a) and (b).

The Hearing Officer finds, however, that the employer and the claimant clearly understood that no further bonus/commission payments would be made after November 15, 2001. The claimant's assertion that the employer failed to notify him in writing of this change in the pay scheme is not persuasive to show that the claimant is due any additional bonus/commission after November 15, 2001 as the claimant clearly understood that those payments were stopped. The fact that the claimant believed Balsamo would discuss his compensation, and then did not, is not persuasive that the claimant is due any additional monies.

DePardo v TAC Worldwide Companies
Page 3

The claimant's assertion that his long term disability payments were deducted from his wages as if he was earning over $200,000.00 per year is not persuasive that he is due any additional commission/bonus.

The claimant has failed to prove by a preponderance of the evidence that he is due the additional $12,000.00 in commission/bonus. The claimant was informed by the employer that the bonus/commission payment stopped on November 15, 2001. The claimant was paid the bonus/commission through November 15, 2001 and is not found to be due any additional wages/commission/bonus.

Vacation pay is "wages" when due if a matter of employment practice or policy or both, pursuant to RSA 275:43 III. The claimant was clearly notified through the "termination" paragraph of the "time away from work" document that he would be paid for unused vacation time at termination at his "base salary only". The claimant was paid at his "base salary only" and is not found to be due any additional vacation pay.

## DECISION

Based on the testimony and evidence presented, as RSA 275 43 I requires that an employer pay all wages due an employee and as RSA 275:43 III considers vacation pay to be wages, when due, if a matter of employment practice or policy or both, and as this Department finds the claimant failed to prove by a preponderance of the evidence that he was due any additional wages or vacation pay, it is hereby ruled that the Wage Claim is invalid.

James P. McDonough
Hearing Officer

Date of Decision: November 5, 2002
Original:    Claimant
cc:          Employer
             Guerrera, Esq
             Shea, Esq
             Hynes, Esq.

JPM/all

1

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                              SUPERIOR COURT

WILLIAM DePARDO

v.

TAC WORLDWIDE COMPANIES

02-E-479

<u>ORDER</u>

    The plaintiff has filed an appeal from a decision of the New Hampshire Department of Labor pursuant to RSA 275:51 V. In his petition he alleges that his former employer has failed to pay him the sum of $12,000 which is due him as the "flat commission" portion of his regular salary. After a hearing, the Department of Labor ruled that he was not entitled to receive the funds requested and, therefore, dismissed the wage claim. This appeal followed.

    Pursuant to RSA 275:51 V, this Court's scope of review is limited to questions of law. Therefore, the Court herein will not discuss any of the findings of fact made by the Department of Labor. It will limit its review solely to the one question of law raised by the plaintiff in his appeal, to wit, whether or not the defendant violated RSA 275:49 I and II. That statute provides that every employer shall notify their employees at the time of their hiring as to their rate of pay. An employee is also entitled to notice of any changes in the arrangements of his pay prior to the time such changes are made. N.H.

Administrative Regulation LAB 803.04 requires this notice to be in writing.

The Department of Labor found that in addition to weekly wages of $1,634.62, the plaintiff was also paid a bonus or flat rate commission in the sum of $12,000 per month. Such payments had been received by the plaintiff on a regular basis for years after perfunctory approval by the president of the defendant company. In November 2001, a new president was appointed. He was unaware of the monthly payments made and authorized by his predecessor. He verbally notified the plaintiff that no future commission payments would be made. The plaintiff left the defendant company on or about December 15, 2001 due to an illness. His request is to have his last monthly commission of $12,000 be paid.

In the decision of the Department of Labor, the hearings officer found that the defendant did not notify the plaintiff in writing that, in fact, his monthly bonuses would terminate. Nonetheless, the hearings officer concluded that this violation of the law was de minimus because the plaintiff clearly understood that no further bonus payments would be made in early November of 2001. In essence, therefore, the hearings officer substituted the oral notification given for the written notification required. Such action, in this Court's view, constitutes an error of law entitling the plaintiff to the payment of $12,000.

3

The plaintiff has also requested an additional $12,000 be paid as a penalty. The Court finds no basis for such a request and, therefore, that request is denied.

Finally, the plaintiff seeks an order from this Court requiring the defendant to be responsible for his reasonable attorney fees. That request is granted. Plaintiff's counsel is to notify defense counsel of his reasonable attorney fees within the next 30 days. If the defendant takes the position that the attorney fees claimed are unreasonable, this Court will hold a further hearing on that limited issue.

So ordered.

4/23/03 ✓ ✗

Dated: March 24, 2003

Kenneth R. McHugh,
Presiding Justice